UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOYCE C. SULESKI,<br>*Plaintiff,*<br>v.<br>USI CONSULTING GROUP, INC. and USI, INC.<br>*Defendants.* | Civil No. 3:17cv1503 (JBA)<br><br>March 13, 2019 |

**RULING ON DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Defendants USI Consulting Group, Inc. and USI, Inc. move jointly to dismiss this case for failure to prosecute because Plaintiff "has failed to respond to Defendants' discovery requests, despite the Court's order that she respond by November 16 or subject her Complaint to dismissal." (Mot. to Dismiss [Doc. # 43] at 1.)

**I.     Background**

Plaintiff's Complaint was filed on September 7, 2017, ([Doc. # 1],) and her First Amended Complaint was filed on January 22, 2018, ([Doc. # 22]). On August 2, 2018, Plaintiff moved for an extension of time to complete Defendants' discovery requests, which Plaintiff had received on June 28, 2018. (Mot. for Extension of Time [Doc. # 30].) On consent of Defendants, the Court granted Plaintiff's motion, allowing her until August 28, 2018 to comply with Defendants' discovery requests. ([Doc. # 31].)

On September 17, 2018, Defendants moved to compel Plaintiff to comply with their discovery requests. (Mot. to Compel [Doc. # 32].) Defendants indicated that "Plaintiff ha[d] not responded to Defendants' discovery requests, or even indicated a date by which she expects to respond. With discovery set to close on October 2, 2018, Plaintiff's failure to comply with her discovery obligations prejudices Defendants and impedes their ability to take Plaintiff's

deposition." (Defs.' Mem. Supp. Mot. to Compel [Doc. # 34] at 1.) Defendants also detailed their efforts to contact Plaintiff and her counsel, including Plaintiff's counsel's indications that he had been unable to reach his client. (*Id.* at 2-3.) The Court granted Defendants' motion and ordered Plaintiff "to provide full and complete responses (not objections) to Defendants' [discovery requests] no later than November 16, 2018." (Endorsement Order [Doc. # 40].) The Court warned plaintiff "that her failure to comply with this order may result in dismissal of her complaint." (*Id.*) The deadline for the close of discovery was extended to December 3, 2018. (Order Granting Joint Mot. for Extension [Doc. # 37].)

On October 18, 2018, Plaintiff's counsel, Attorney Robert Singer, moved to withdraw his appearance in this case because "there has been a communication breakdown" between Attorney Singer and Ms. Suleski, leading Attorney Singer to conclude that he "can no longer adequately represent Ms. Suleski." (Mot. to Withdraw [Doc. # 38] at 1.) In that motion, Attorney Singer noted that Plaintiff had "failed to complete [Defendants'] discovery requests, or cooperate with counsel in completion." (*Id.*) Attorney Singer attached to his motion copies of his attempts to communicate with Ms. Suleski during September and October 2018. The last communication from Ms. Suleski to Attorney Singer included in those attachments came on September 6, 2018, at which time Ms. Suleski expressed (via e-mail) her intention to call Attorney Singer later that day. The Court denied Attorney Singer's motion to withdraw, citing the relatively recent communication from Ms. Suleski and "[g]iven the nature of the disability alleged" by Ms. Suleski in this case. (Endorsement Order [Doc. # 41] at 1-2.)

On November 30, 2018, Defendants filed their Motion to Dismiss for Failure to Prosecute based on Plaintiff's failure to provide any responses to Defendants' discovery requests by

2

November 16, 2018 as the Court had ordered. (Defs.' Mem. Supp. Mot. to Dismiss [Doc. # 43-1] at 1.) Defendants then filed a Supplemental Motion to Dismiss for Failure to Prosecute, explaining that Plaintiff "failed to appear on December 3, 2018 for her properly noticed deposition," which Defendants had scheduled following the November 19, 2018 status conference with the Court. (Defs.' Supplemental Mot. to Dismiss [Doc. # 45] at 1.) Defendants also noted that Attorney Singer represented on November 29, 2018 that he had "tried to reach Ms. Suleski on numerous occasions without success" and on December 3, 2018 that he had "had no further contact from" Ms. Suleski. (*Id.*; Exhibits B and C (Emails from Attorney Singer) to Defs.' Supplemental Mem. [Doc. # 45].)

Plaintiff's counsel responded that he had "made numerous attempts to contact the Plaintiff, without success, including by e-mail, regular mail, and phone." (Pl.'s Resp. to Defs.' Mot. [Doc. # 46] at 1.) Attorney Singer attached to that response his attempts to contact Ms. Suleski by e-mail on November 14, November 23, November 28, November 29 (twice), and November 30 (attaching Defendants' Motion to Dismiss). Handwritten notes on those emails also indicate that on November 30, 2018, Attorney Singer sent a copy of Defendants' Motion to Dismiss to Ms. Suleski by mail at 1 MacDonald Drive, Westbrook, CT 06498.

## II. Discussion

Fed. R. Civ. P. 41(b) permits dismissal where "the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." District Courts "ha[ve] the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). In considering a motion to dismiss for failure to prosecute, courts consider several factors:

> (1) [the] duration of plaintiff's failure, (2) whether plaintiff received notice that delays would result in dismissal, (3) whether defendant is likely to be prejudiced by

3

further delay, (4) the balance between alleviating court calendar congestion and protecting a party['s] right to due process and a fair chance to be heard, and (5) the efficacy of lesser sanctions.

*Cayo v. Stop *& Shop Supermarket Co. LLC,* 2013 WL 1501689 (D. Conn. April 10, 2013); *see U.S. ex rel Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir. 2004). Defendants argue that all five factors "weigh in favor of dismissal." (Defs.' Mem. at 5.)

First, Defendants argue that the "duration of Plaintiff's failure" weighs heavily in favor of dismissal. Nearly nine months have passed since Defendants served their discovery requests on June 28, 2018. Four months have passed since the Court granted Defendants' Motion to Compel on November 9, 2018, ordering Plaintiff to comply with Defendants' discovery requests and warning her that failure to do so could result in dismissal of her case. The Court is aware of no communications from or efforts by Plaintiff to comply with her obligations during that time. This factor weighs in favor of dismissal. *See Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42-43 (2d Cir. 1982) ("an action lying dormant with no significant activity . . . may warrant dismissal after merely a matter of months . . . .").

Second, Defendants argue that Plaintiff received notice that failure to provide full and complete responses to Defendants' discovery requests could result in dismissal of her case, citing the Court's November 9 order which granted the Defendants' Motion to Compel and warned: "Plaintiff is advised that her failure to comply with this order may result in dismissal of her complaint." (Endorsement Order.) Because the Court gave Plaintiff "express notice that further delays would result in dismissal," this factor also weighs in favor of dismissal. *Martens v. Thomann,* 273 F.3d 159, 181 (2d Cir. 2001).

Third, Defendants argue that they are likely to be prejudiced by further delay. Defendants

4

argue that they have already suffered prejudice as a result of Plaintiff's delay because they "have no other means of discovering certain information about Plaintiff's claims other than through Plaintiff" and because they have "a right to have this matter adjudicated in an expeditious manner." (Defs.' Mem. at 6.) Defendants also argue that they have suffered and will continue to suffer prejudice as a result of the "defense costs" from "seeking Plaintiff's participation in the suit she filed." (*Id.*) "Prejudice to defendants resulting from unreasonable delay may be presumed, . . . but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell*, 682 F.2d at 43. As Plaintiff has neither offered any explanation for her delay nor made any attempt to participate in this litigation in many months, prejudice to the Defendants is clear.

Fourth, Defendants argue that the balance between alleviating court calendar congestion and protecting Plaintiff's opportunity to be heard weighs in favor of dismissal, given that "Plaintiff's Complaint has been lingering on the Court's docket for over a year" and "Plaintiff *chose* not to prosecute her claims," including not making any discovery requests of Defendants. (Defs.' Mem. at 6 (emphasis in original).) Because Plaintiff has seemingly elected not to make use of her opportunity to be heard, the Court finds that this factor weighs in favor of dismissal.

Fifth, Defendants argue that the possible efficacy of lesser sanctions weighs in favor of dismissal, given that the Court's earlier order compelling Plaintiff to comply with her discovery obligations and warning her of possible dismissal for failure to do so "appears to have had little effect on Plaintiff, as she did not provide any discovery responses. As such, no lesser sanction is appropriate here . . . ." (*Id.*) Dismissal with prejudice is "a harsh remedy to be utilized only in extreme situations." *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972).

"Nonetheless, the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell*, 682 F.2d at 42. In the absence of participation in this litigation by Plaintiff, and given Plaintiff's failure to respond in any way to the Court's order compelling Plaintiff to comply with discovery requests, the Court can envision no lesser sanction which would appropriately address Plaintiff's failure to prosecute.

The Court finds that, especially in light of the length of time which has passed since the last participation in this litigation by Ms. Suleski, the notice to Ms. Suleski in the November 9 order of the possibility of dismissal, and the documented efforts by both Defendants and Attorney Singer to communicate with Ms. Suleski, dismissal of Plaintiff's complaint is appropriate.

Defendants also seek "reasonable expenses incurred in filing" their Motion to Dismiss, Supplemental Motion to Dismiss, and Motion to Compel, and "fees related to Suleski's deposition, including attorneys' fees and fees related to the court reporter." (Defs.' Supplemental Mot. at 2.) However, Defendants have provided no information to the Court regarding the nature or amount of those fees and expenses, and no fees or expenses will be awarded to Defendants at this time.

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to Prosecute [Doc. # 43] is GRANTED, and Plaintiff's First Amended Complaint is hereby dismissed with prejudice.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of March 2019